IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY ELLIS,

    Petitioner,

v.                                                     2:21-cv-00947-MIS-JMR

THE STATE OF NEW MEXICO

    Respondent.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Johnny Ellis's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. Doc. 6. Respondent filed an answer, as ordered by the Court. Docs. 12, 18. Mr. Ellis did not file a reply. However, Mr. Ellis has written several letters to the Court regarding his petition. Docs. 7–11, 20–22. The Honorable Margaret I. Strickland referred the case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this case. Doc. 16. Having reviewed the submissions of the parties, including Mr. Ellis's letters, and the relevant law, I recommend that the Court deny Mr. Ellis's petition because it is time barred.

**I.    Background**

On February 25, 2019, Mr. Ellis pleaded no contest to two counts of third-degree criminal sexual contact of a minor. Doc. 18-1 at 7–10 (Exh. C). On April 15, 2019, Mr. Ellis was sentenced to twelve years in prison. Doc. 18-1 at 13–19 (Exh. D). Mr. Ellis's sentence became final thirty days later, on May 15, 2019. *See* Rule 12-201(A)(1)(b) NMRA.

On October 28, 2019, Mr. Ellis filed a *pro se* Motion to Amend Judgment and Sentence. Doc. 18-1 at 20 (Exh. E). In the motion to amend, Mr. Ellis wrote, "I need my [judgment and sentence] Amended cause my court transcripts say [con]current and my [judgment and sentence say] conse[]cutive please and thank you." *Id.* The state court denied this motion on February 13, 2020. Doc. 18-1 at 22 (Exh. F).

Then, on January 4, 2021, Mr. Ellis filed his first state habeas petition. Doc. 18-1 at 25–29 (Exh. H). The state court summarily denied the habeas petition on the day it was filed. Doc. 18-1 at 35–37 (Exh. I). Mr. Ellis filed a second state habeas petition on May 13, 2021. Doc. 18-1 at 41–50 (Exh. L). The state court summarily denied the second petition on June 16, 2021. Doc. 18-1 at 59 (Exh. O).

Finally, on September 23, 2021,[1] Mr. Ellis filed a § 2254 petition with this Court in the form of a letter. Doc. 1. The Court ordered Mr. Ellis to file an amended petition (Doc. 2), which he filed on November 5, 2021. Doc. 6.

## II.    Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 ("AEDPA") governs this case. AEDPA prescribes a one-year period of limitation for state prisoners to file § 2254 habeas petitions. 28 U.S.C. § 2244(d)(1). A lapsed period of limitation is an affirmative defense. *Day v. McDonough*, 547 U.S. 198, 204 (2006).

---

[1] Mr. Ellis's petition was postmarked on September 23, 2021, and received by the Court on September 27, 2021. Doc. 1 at 3. Mr. Ellis does not certify the date he gave his petition to the prison authorities. *Houston v. Lack*, 487 U.S. 266, 276 (1988) (a prisoner's petition is deemed filed on the date it is given to prison authorities for mailing). In the interest of giving Mr. Ellis the benefit of the doubt, the Court opts for the earlier date. Doc. 18 at 8 n.2 (respondent doing the same).

The one-year limitation period starts, in relevant part, on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also* 28 U.S.C. §§ 2244(d)(1)(B–D) (other circumstances that trigger the limitation period). The Court looks to state law to determine when a state court's judgment becomes "final." *Sigala v. Bravo*, 656 F.3d 1125, 1127 (10th Cir. 2011). Under New Mexico law, a judgment becomes final thirty days after the judgment is filed with the clerk's office, so long as no party files a notice of appeal. Rule 12-201(A)(1)(b) NMRA; *Alvarado v. Smith*, 713 F. App'x 739, 742 (10th Cir. 2017) (applying Rule 12-201 in the AEDPA limitation period context).

The one-year limitation period is tolled during any "time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). A state post-conviction application is "properly filed" if it was submitted and accepted in compliance with the applicable state "law and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). For example, a late filing is not "properly filed." *Id.* Similarly, a motion that does not seek "review" of a judicial determination does not toll the limitation period. *Wall v. Kholi*, 562 U.S. 545, 553 (2011).

In some instances, a petitioner may be entitled to "equitable tolling" of the limitation period. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (citation omitted). Ignorance of the law is not a sufficient basis for equitable tolling. *Lopez v. Rosa*, 491 F. Supp. 3d 991, 996 (D.N.M. 2020) (collecting cases).

3

Further, Mr. Ellis is a *pro se* litigant. Filings by *pro se* litigants are "to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). That means "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. . . ." *Id.* Still, a Court may not "assume the role of advocate for the *pro se* litigant." *Id.*

### III.   Analysis

Mr. Ellis's habeas petition is time barred because he filed it more than one year after his state court judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). The Court focuses its discussion to § 2244(d)(1)(A) as Mr. Ellis does not argue, and the Court has no reason to believe, that §§ 2244(d)(1)(B–D)—the other circumstances that trigger the limitation period—apply here.[2] *See* Docs. 6–11, 20–22.

Mr. Ellis was sentenced on April 15, 2019. Doc. 18-1 at 13–19 (Exh. D). He did not file a notice of appeal. Therefore, the judgment became final on May 15, 2019. Rule 12-201(A)(1)(b) NMRA (New Mexico district court judgments become final after thirty days if a notice of appeal is not filed); *Alvarado*, 713 F. App'x at 742. Therefore, Mr. Ellis had until Monday, May 18, 2020, to file a federal habeas petition—unless his petition was statutorily or equitably tolled. 28 U.S.C. § 2244(d)(1)(A); *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (one-year period begins to run the day after judgment becomes final); FED. R. CIV. P. 6(a)(1)(C) (if a time

---

[2] Mr. Ellis does not argue that he experienced an unlawful, state-created "impediment to filing an application" for post-conviction relief. *See* 28 U.S.C. § 2244(d)(1)(B). Mr. Ellis does not assert that a newly recognized constitutional right with retroactive effect was violated in his state court proceedings. *See* 28 U.S.C. § 2244(d)(1)(C). Mr. Ellis does not assert that new essential facts have been discovered that could not previously be discovered with the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D).

period ends on a weekend, the period is extended until the next business day). Mr. Ellis filed this petition on September 23, 2021—over a year late. Doc. 1.

Further, Mr. Ellis's limitation period was not statutorily tolled. *See* 28 U.S.C. § 2244(d)(2). On October 28, 2019, Mr. Ellis filed a *pro se* Motion to Amend Judgment and Sentence ("motion") with the state district court. Doc. 18-1 at 20–21 (Exh. E). Mr. Ellis filed this motion roughly six months after he was sentenced. *See* Doc. 18-1 at 13–19 (Exh. D) (imposing sentence on April 15, 2019). In the motion, Mr. Ellis requested that the court correct his judgment and sentence to run concurrently, as opposed to consecutively, as he mistakenly believed the court transcripts indicated. Doc. 18-1 at 20–21 (Exh. E). As discussed below, this motion did not statutorily toll Mr. Ellis's limitation period.

Most logically, Mr. Ellis's motion was a motion to correct a clerical mistake under Rule 5-113(B) NMRA. However, a motion to correct a clerical error is not "collateral review" under § 2244(d)(1)(A). *See Hardin v. Genovese*, No. 21-5867, 2023 WL 1992036, at *4 (6th Cir. 2023) (unpublished); *see also Wall*, 562 U.S. at 553 (defining collateral "review" as "a looking over or examination with a view to amendment or improvement"). Therefore, such a motion would not toll the limitation period.

Liberally construed, Mr. Ellis's motion could be interpreted as a motion to reduce his sentence pursuant to Rule 5-801(A) NMRA. However, if so, Mr. Ellis's motion was not "properly filed." *See* 28 U.S.C. § 2244(d)(2) (only "properly filed" applications for post-conviction relief toll the limitation period). Under Rule 5-801(A), the motion must be filed, in relevant part, within ninety days after the sentence is imposed. Rule 5-801(A) NMRA. Mr. Ellis missed the ninety-day deadline by several months. Therefore, the motion was not "properly filed." *Artuz*, 531 U.S. at 8 (stating that time barred filings are not properly filed); *see also*

5

*Morris v. Heredia*, No. 07-1261 WJ-LFG, 2008 WL 11451619, at *3 (D.N.M Mar. 12, 2008) (unpublished) (finding the same regarding Rule 5-801). Thus, even if Mr. Ellis's motion was a motion to reduce his sentence, the motion did not toll the limitation period.[3]

Mr. Ellis's motion was also not a petition for habeas corpus. *See* Rule 5-802 NMRA. Had the motion been a timely state habeas petition, it likely would have tolled his limitation period.[4] However, even if it were timely, it would be unreasonable to interpret the motion as a habeas petition. First, as mentioned above, Mr. Ellis's motion is more logically a motion to correct a clerical error or a motion to reduce his sentence. Second, Mr. Ellis did not request traditional habeas relief; he merely requested the correction of a perceived clerical mistake, not an illegal sentence. Third, the motion did not meet any of the content requirements of a state habeas petition. Rule 5-802(B) NMRA (laying out the required contents of a New Mexico habeas petition). Fourth, the state court did not treat the motion as a habeas petition. Doc. 18-1 at 22 (Exh. F) (order denying Mr. Ellis's Motion to Amend Judgment and Sentence). The motion did not go through the state's procedures for screening habeas petitions including pre-appointment attorney review or initial court review. Rule 5-802(H) NMRA. Nor did the state court review the

---

[3] Respondent also argues that the Mr. Ellis's Motion to Amend Judgment and Sentence may have been a motion to amend a judgment pursuant to Rule 1-059(E) NMRA. Doc. 18 at 8. Rule 1-059(E) is the New Mexico civil rule for filing a motion to alter, amend, or reconsider a judgment. Respondent cites no legal authority showing that Rule 1-059(E) NMRA applies in criminal cases. But even if Mr. Ellis's motion to amend was made under Rule 1-059(E), it still was not properly filed, as the motion was time barred. Such a motion must be made thirty days "after entry of the judgment." *See* Rule 1-059(E) NMRA.

[4] Mr. Ellis's subsequent state habeas petitions do not toll the statute of limitations because they were filed after Mr. Ellis's limitation period ended on May 18, 2020. *See* Doc. 18-1 at 25–29 (Exh. H) (first state habeas petition filed January 4, 2021); Doc. 18-1 at 41–50 (Exh. L) (second state habeas petition filed May 13, 2021); *see also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (citations omitted) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

motion under the standards for habeas petitions. Doc. 18-1 at 22 (Exh. F). For these reasons, even when read liberally, the motion is not a state habeas petition.

Finally, Mr. Ellis's limitation period was not equitably tolled. *See Pace*, 544 U.S. at 418. Mr. Ellis does not explain how he has diligently pursued his rights—the first element of equitable tolling. *Id.* Nor does Mr. Ellis point to any extraordinary circumstance that caused him to file his habeas petition over a year late—the second element of equitable tolling. *Id.* Lack of awareness of the limitation period, in and of itself, does not warrant equitable tolling. *Lopez*, 491 F. Supp. 3d at 996. Mr. Ellis is not entitled to equitable tolling.

Mr. Ellis's time to file a federal habeas petition under 28 U.S.C. § 2254 lapsed on May 18, 2020. Therefore, his petition, filed September 23, 2021, must be denied.

## IV.     Recommendation

I find that Mr. Ellis's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 6) is time barred. Therefore, I recommend that the Court deny and dismiss the petition with prejudice. *See McDowell v. Zavaras*, 417 F. App'x 755, 757 (10th Cir. 2011) (holding that dismissing a habeas petition based on a lapsed limitation period is a decision on the merits).

## V.     Certificate of Appealability

Lastly, I address whether Mr. Ellis is entitled to a certificate of appealability. No appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may be issued only if Mr. Ellis "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Ellis has not made such a showing. I therefore recommend that the Court deny Mr. Ellis a certificate of appealability.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id*. **In other words, if no objections are filed, no appellate review will be allowed.**

_____
JENNIFER M. ROZZONI
United States Magistrate Judge